IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. |
| | ) | 2:05cv839-MHT-DRB |
| FRANCIS WILLIAMS | ) | [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion under FED.R.CIV.P. 60(b) filed by federal inmate Francis Williams ("Williams") on August 24, 2005 (Doc. No.1).[1]   Williams challenges the prison sentence imposed upon her in 1994 following her conviction for *conspiracy to distribute cocaine and cocaine base*.  (Criminal Case No. 2:93cr310-MHT). For the reasons which follow, the court construes Williams's motion as a successive motion for relief under 28 U.S.C. § 2255 and concludes that she is not entitled to any relief.

**I.  DISCUSSION**

Williams claims that her sentence increased as a result of judicial fact finding regarding matters not charged in the indictment, found by the jury, or admitted by her in open court, in violation of *United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  On at least one prior occasion Williams has attacked her sentence through a 28 U.S.C. § 2255

---

[1]Although Williams's self-styled Rule 60(b) motion is date-stamped "received" on August 29, 2005, pursuant to the "mailbox rule," the court deems it filed on the date she delivered it to prison authorities for mailing, presumptively the August 24, 2005, date of signing.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11ᵗʰ Cir. 2001).

motion.[2]   Although Williams declares  that she seeks now to "reopen" a previously filed

§ 2255 motion, it is clear that her motion asserts a new claim for relief from her sentence and

does not present any argument directed to the integrity of the judgments denying her prior

§ 2255 motions.

In *Gonzalez v. Crosby*, 545 U.S. 524, ___, 125 S.Ct. 2641, 2646-47 (2005), the

Supreme Court held that, where a previous habeas petition has been denied, a nominal Rule

60(b) motion containing one or more "claims" for relief – i.e., "an asserted federal basis for

relief from a ... judgment of conviction" – is in substance a successive petition for habeas

relief.  125 S.Ct. at 2647.[3]  Accordingly, regardless of Williams's own labeling of her instant

motion,[4] this court concludes that the motion is of the same legal effect as, and should be

---

[2]This court dismissed with prejudice Williams's initial § 2255 motion, filed on September 16,
2002, because she filed it after expiration of the one-year period of limitation and her "actual
innocence" claim lacked merit. *See United States v. Williams*, Case No. 2:02cv1061-MHT - Doc.
No. 11 - *Oct. 27, 2003, Recommendation of the Magistrate Judge* (adopted as Judgment of the court
by final order of Feb. 3, 2003, Case No. 2:02cv1061-MHT - Doc. No. 20).  On December 13, 2004,
Williams filed "*Objections to Pre-sentence Report*" which also challenged her sentence. *See United
States v. Williams*, Case No. 2:05cv735-MHT (Doc. No. 2).  Because that motion attacked the
fundamental validity of Williams's sentence, this court characterized it properly as a *motion to vacate,
set aside, or correct sentence under 28 U.S.C. § 2255,* and summarily dismissed it for Williams' lack
of appellate certification for  this court's consideration of a successive § 2255 motion. *See United
States v. Williams*, Case No. 2:05cv735-MHT - Doc. No. 3 - *Aug. 8, 2005, Recommendation of the
Magistrate Judge* (adopted as judgment of the court by final order of Sep. 19, 2005, Case No.
2:05cv735-MHT - Doc. Nos. 4 & 5).

[3]*See United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005)
(unpublished) (stating that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254
habeas proceedings). *See also El-Amin v. United States*, No. 05-1276, 2006 WL 771182 (11th Cir.
Mar. 28, 2006) (unpublished).

[4]Williams's claim for relief, predicated on *Booker*, *Blakely*, and *Apprendi*, is, at bottom, an attack
on the fundamental legality of her sentence.  " Rule 60(b) simply does not provide for relief from

construed as, a successive *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.*

A second or successive § 2255 motion in the district court requires the movant first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[5] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Williams has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of her successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Williams's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept.*

---

judgment in a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (internal quotations and citation omitted).

[5]The Eleventh Circuit has held that *Booker*, *Blakely, and Apprendi* – the decisions upon which Williams premises her claims – are *not* retroactively applicable to cases on collateral review. *See Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. Jan. 21, 2005); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).

*of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Williams on August 24, 2006, be denied and this case dismissed, as Williams has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further ORDERED that the parties shall file any objections to this Recommendation **on or before October 16, 2006**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 3rd day of October, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE